**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MALINKA TACUMA WADE MOYE,

Plaintiff,

v. No. 2:26-cv-02508-SMD-KRS

FNU LNU,

Defendants.

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff, who is proceeding *pro se*, asserted claims pursuant to the Federal Tort Claims Act, the "Mandatory Restitution[] Act" and the "RICO Act." Complaint for a Civil Case at 3, Doc. 2, filed July 27, 2026. Plaintiff alleged "fraud on court," "Federal hate crime by Sf Northern District of California" and "US Attorney ordered to file federal charges upon defendants under order cv-09-03892wha." Complaint at 4 (indicating "submission of certified judgment of CV-09-03892wha"). At Plaintiff's request, the undersigned registered a certified copy of the Order Dismissing Action and Requiring Prefiling Review, Doc. 30, filed December 21, 2009, in *Moye v. City and County of San Francisco*, No. 3:09-cv-03892-WHA (N.D. Cal.). *See* Order Registering Judgment, Doc. 11, filed July 29, 2026, in *Moye v. LNU*, No. 1:26-mc-00020-SMD (D.N.M.).

Plaintiff now seeks an emergency temporary restraining order against several individuals regarding an allegedly fraudulently-obtained property in San Francisco, California. *See* Plaintiff's Declaration Requesting Emergency TRO, Doc. 8, filed August 13, 2026.

The Court denies Plaintiff's request for a temporary restraining order:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> . . . .

> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Plaintiff has not certified in writing any efforts he made to give the adverse parties notice of his request for a temporary restraining order and has not set forth any reasons why notice should not be required.

**Notice Regarding Compliance with Orders and Rules**

Plaintiff has a responsibility for becoming familiar with and complying with the Federal and Local Rules of Civil Procedure. *See Oklahoma Radio Assoc. v. Federal Deposit Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute").

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that Plaintiff's Declaration Requesting Emergency TRO, Doc. 8, filed August 13, 2026, is **DENIED.**

**UNITED STATES DISTRICT JUDGE**