**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MALINKA TACUMA WADE MOYE,

Plaintiff,

v. No. 2:26-cv-02508-KRS

FNU LNU,

Defendants.

**ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for a Civil Case, Doc. 2, filed July 27, 2026. Plaintiff asserts claims pursuant to the Federal Tort Claims Act, the "Mandatory Restitution[] Act" and the "RICO Act." *See* Complaint at 3. Plaintiff alleges "fraud on court," "Federal hate crime by Sf Northern District of California" and "US Attorney ordered to file federal charges upon defendants under order cv-09-03892wha." Complaint at 4 (indicating "submission of certified judgment of CV-09-03892wha"). At Plaintiff's request, United States District Judge Sarah M. Davenport registered a certified copy of the Order Dismissing Action and Requiring Prefiling Review, Doc. 30, filed December 21, 2009, in *Moye v. City and County of San Francisco*, No. 3:09-cv-03892-WHA (N.D. Cal.). *See* Order Registering Judgment, Doc. 11, filed July 29, 2026, in *Moye v. LNU*, No. 1:26-mc-00020-SMD (D.N.M.).

The Court has identified the following deficiency in the Complaint and orders Plaintiff to show cause why the Court should not recommend dismissal or transfer of the case. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing

28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)). If Plaintiff asserts the case should not be dismissed or transferred, Plaintiff must file an amended complaint.

It appears the District of New Mexico is not the proper venue for this action. The statute governing venue in general states:

> **Venue in general.**--A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). The Complaint's factual allegations suggest that all defendants do not reside in New Mexico and that the acts and omissions giving rise to Plaintiff's claims occurred in the Northern District of California. It appears the Northern District of California may be the proper venue for this action. Furthermore, this Court may not have personal jurisdiction over the non-resident Defendants.

"The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

> Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would be barred by a statute of limitations if filed anew in the proper forum, *e.g. Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir.2000) (citing *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir.1997)), whether the claims alleged are likely to have merit, *e.g. Haugh,* 210 F.3d at 1150 (citing *Phillips,* 173 F.3d at 610), and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction, *Trierweiler,* 90 F.3d at 1544 ("[I]t is not in the interest of justice to transfer where

> a plaintiff either realized or should have realized that the forum in which he or she filed was improper.").

*Young v. State Government of Oklahoma*, 98 Fed. Appx. 760, 763-764 (10th Cir. 2004).

The Court orders Plaintiff to show cause why the Court should not dismiss this case or transfer the case to the Northern District of California. If Plaintiff asserts the Court should not dismiss or transfer this case, Plaintiff must file an amended complaint that contains allegations showing the District of New Mexico is the proper venue for the action. The amended complaint "must explain what *each* defendant did to [Plaintiff]; when [*each*] defendant did it; how [*each*] defendant's action harmed [Plaintiff]; and, what specific legal right the plaintiff believes [*each*] defendant violated."). *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). The amended complaint also must comply with the Federal and Local Rules of Civil Procedure. *See, for example,* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

**ACCORDINGLY,** within 21 days of entry of this Order Plaintiff shall: (i) show cause why the Court should not dismiss this case for improper venue or transfer this case to the Northern District of California; and (ii) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal or transfer of this case.

IT IS SO ORDERED this 17th day of September, 2026.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE