**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MALINKA TACUMA WADE MOYE,

Plaintiff,

v. No. 2:26-cv-02508-SMD-KRS

FNU LNU,

Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

*Pro se* Plaintiff asserted claims pursuant to the Federal Tort Claims Act, the "Mandatory Restitution[] Act" and the "RICO Act." *See* Complaint for a Civil Case at 3, Doc. 2, filed July 27, 2026. The only allegations in Plaintiff's "Statement of Claim" are:

> FED RLE 60 (A) Fraud on court Badges & incidents of slavery. Federal hate crtime by Sf Northern Distriict of California using plaintiff as a crash dummy for organzie crime and illegal lgbtq political agenda. Violations of FRCP. FRBP. Us Contitution. Viuolations of EEOC investigations. FBI. Us Attorney
>
> US Attorney ordered to fle fedral charges upon defendants unde order cv-09-03892wha.
>
> Plaintiff's home illegally oicupied by casreer criminals. CV-23-04813. CV-23-80246.

[sic] Complaint at 4.

United States Magistrate Judge Kevin R. Sweazea notified Plaintiff it appears the District of New Mexico is not the proper venue for this action and that the Northern District of California may be the proper venue for this action because it appears the acts and omissions giving rise to Plaintiff's claims occurred in the Northern District of California. *See* Order to Show Cause, Doc. 14, filed September 17, 2026. Judge Sweazea ordered Plaintiff to show cause why the Court should not dismiss this case or transfer the case to the Northern District of California and to file

an amended complaint. *See* Order to Show Cause at 3 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal or transfer of this case). Plaintiff did not show cause or file an amended complaint by the October 8, 2026, deadline.

The statute governing venue in general states:

> **Venue in general.**--A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. §1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

> Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would be barred by a statute of limitations if filed anew in the proper forum, *e.g. Haugh v. Booker,* 210 F.3d 1147, 1150 (10th Cir.2000) (citing *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir.1997)), whether the claims alleged are likely to have merit, *e.g. Haugh,* 210 F.3d at 1150 (citing *Phillips,* 173 F.3d at 610), and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction, *Trierweiler,* 90 F.3d at 1544 ("[I]t is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper.").

*Young v. State Government of Oklahoma*, 98 Fed.Appx. 760, 763-764 (10th Cir. 2004).

The Court dismisses this case without prejudice because the original Complaint does not contain allegations showing that the District of New Mexico is the proper venue for this case and

because Plaintiff did not comply with Judge Sweazea's Order to Show Cause. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). The Court declines to transfer this case to the United States District Court for the Northern District of California because the allegations in the Complaint do not show that Plaintiff's claims are likely to have merit and because Plaintiff should have realized the District of New Mexico is not the proper venue for this action.

After Judge Sweazea ordered Plaintiff to *either* pay the filing fee *or* file an Application to proceed *in forma pauperis*, Plaintiff paid the filing fee *and* filed two Applications to proceed *in forma pauperis*. *See* Order to Cure Deficiency, Doc. 4, filed August 3, 2026; Filing fee receipt, Doc. 5, filed August 7, 2026; Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 6, filed August 7, 2026; Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 12, filed August 17, 2026. Judge Sweazea ordered Plaintiff to show cause why the Court should not deny Plaintiff's Short Form and Long Form Applications based on Plaintiff's payment of the filing fee. *See* Order, Doc. 15, filed September 17, 2026 (notifying Plaintiff that failure to timely show cause may result in denial of Plaintiff's Short Form and Long Form Applications). The Court denies Plaintiff's Short Form and Long Form Applications because Plaintiff did not comply with Judge Sweazea's Order by the October 8, 2026, deadline and because the Court is dismissing this case.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 6, filed August 7, 2026, is **DENIED.**

(iii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 12, filed August 17, 2026, is **DENIED.**

**UNITED STATES DISTRICT JUDGE**