**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MALINKA TACUMA WADE MOYE,

Plaintiff,

v. No. 2:26-cv-02508-SMD-KRS

FNU LNU,

Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE**

*Pro se* Plaintiff asserted claims pursuant to the Federal Tort Claims Act, the "Mandatory Restitution[] Act" and the "RICO Act." *See* Complaint for a Civil Case at 3, Doc. 2, filed July 27, 2026. The only allegations in Plaintiff's "Statement of Claim" are:

> FED RLE 60 (A) Fraud on court Badges & incidents of slavery. Federal hate crtime by Sf Northern Distriict of California using plaintiff as a crash dummy for organzie crime and illegal lgbtq political agenda. Violations of FRCP. FRBP. Us Contitution. Viuolations of EEOC investigations. FBI. Us Attorney
>
> US Attorney ordered to fle fedral charges upon defendants unde order cv-09-03892wha.
>
> Plaintiff's home illegally oicupied by casreer criminals. CV-23-04813. CV-23-80246.

[sic] Complaint at 4. The Complaint identifies United States Attorney Ryan Ellison, Albuquerque, New Mexico as a defendant but does not contain any factual allegations explaining what Defendant Ellison did to Plaintiff, when he did it and what specific federal rights Plaintiff believes Defendant Ellison violated. *See* Complaint at 1-2, 4; *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how

the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

United States Magistrate Judge Kevin R. Sweazea notified Plaintiff it appears the District of New Mexico is not the proper venue for this action and that the Northern District of California may be the proper venue for this action because it appears the acts and omissions giving rise to Plaintiff's claims occurred in the Northern District of California. *See* Order to Show Cause, Doc. 14, filed September 17, 2026. Judge Sweazea ordered Plaintiff to show cause why the Court should not dismiss this case or transfer the case to the Northern District of California *and* to file an amended complaint. *See* Order to Show Cause at 3 (notifying Plaintiff that failure to timely show cause *and* file an amended complaint may result in dismissal or transfer of this case). Plaintiff did not show cause or file an amended complaint by the October 8, 2026, deadline.

The Court dismissed this case without prejudice and entered Final Judgment because the original Complaint does not contain allegations showing that the District of New Mexico is the proper venue for this case and because Plaintiff did not comply with Judge Sweazea's Order to Show Cause. *See* Order of Dismissal, Doc. 16, filed October 16, 2026; Final Judgment, Doc. 17, filed October 16, 2026.

Plaintiff now asks the Court to excuse his late filing of his response to Judge Sweazea's Order to Show Cause and asks the Court to reopen this case. *See* Request for Good Cause of Late Filing, Doc. 18, filed October 22, 2026 ("Motion") (stating "the Court should not dismiss case" and requesting a "complete federal turnaround"). The caption of the Motion lists 12 Defendants and Plaintiff asserts that each Defendant lives in New Mexico, however, neither the caption nor the text of the Complaint identifies any of those persons and corporations as defendants. *See* Motion at 12. Plaintiff also asserts this Court "has jurisdiction" and lists three property addresses

in New Mexico, however, none of those properties are listed in the original Complaint. Motion at 1.

The Court construes Plaintiff's Motion as a Rule 59(e) motion. *See Hayes Family Trust v. State Farm Fire & Casualty Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) ("No matter how styled, a motion will be deemed a Rule 59(e) motion if it is served within the specified time period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment"). Plaintiff filed his Request six days after entry of the Final Judgment. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").

"Rule 59(e) relief is available in limited circumstances, including '(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Hayes Family Trust v. State Farm Fire & Casualty Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

> Rule 59(e) motions may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). But once the district court enters judgment, the public gains a strong interest in protecting the finality of judgments. *See Sanchez-Llamas v. Oregon*, 548 U.S. 331, 356, 126 S.Ct. 2669, 165 L.Ed.2d 557 (2006) (discussing the "important interest in the finality of judgments"). . . .
>
> Given the strength of this interest in finality, we have restricted district courts' discretion when ruling on motions based on Rule 59(e). For example, we held in *Servants of the Paraclete* that Rule 59(e) motions are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." 204 F.3d at 1012. The United States Supreme Court also stated in *Exxon Shipping Co. v. Baker* that "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.' " 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (quoting 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1, pp. 127–28 (2d ed. 1995)).

*Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019).

The Court denies Plaintiff's Motion to reopen this case. Plaintiff does not argue that the Court has misapprehended the facts, Plaintiff's position, or the controlling law. Plaintiff's Motion asserts facts supporting his argument that venue in the District of New Mexico is proper. Judge Sweazea ordered Plaintiff to present that argument and evidence by October 8, 2026. Plaintiff did not present that argument and evidence or file an amended complaint, and has not explained why he could not do so, by the October 8, 2026, deadline.

**IT IS ORDERED** that Plaintiff's Request for Good Cause of Late Filing, Doc. 18, filed October 22, 2026, is **DENIED.**

**UNITED STATES DISTRICT JUDGE**